**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4652

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

IAN FITZGERALD MCKELLAR, a/k/a Dee,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (CR-05-181)

Submitted: March 10, 2006            Decided: April 10, 2006

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Allen B. Burnside, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Jonathan Scott Gasser, Acting United States Attorney, Stanley D. Ragsdale, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ian Fitzgerald McKellar appeals his conviction and sentence following a guilty plea to use of a telephone to facilitate the commission of a felony under the Controlled Substances Act, the possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 843(b) (2000). McKellar's attorney on appeal has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion there are no meritorious issues for appeal, but raising as potential issues whether the district court erred in denying McKellar's motion to withdraw his guilty plea and whether the district court complied with Fed. R. Crim. P. 11. McKellar filed a pro se supplemental brief. Finding no reversible error, we affirm.

A defendant who seeks to withdraw his guilty plea before sentencing must demonstrate a "fair and just reason" for withdrawal of the plea. Fed. R. Crim. P. 11(d)(2)(B). A "fair and just" reason is one that essentially "challenges the fairness of the Fed. R. Crim. P. 11 proceeding" or "challenges the fulfillment of a promise or condition emanating from the proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). A court should closely scrutinize the Rule 11 colloquy and attach a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. Id. We review the district court's denial

of a motion to withdraw a guilty plea for abuse of discretion. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). After reviewing the record, we find that the district court did not abuse its discretion by finding no fair and just reason for the withdrawal of McKellar's guilty plea.

We note counsel also raises the issue of whether the district court fully complied with Rule 11, but identifies no error in the Rule 11 proceeding and concludes that there was full compliance with the Rule. Our review of the record similarly discloses full compliance.

Next, we find McKellar's ineffective assistance of counsel claims raised in his pro se supplemental brief are not properly raised on direct appeal. Claims of ineffective assistance are not cognizable on direct appeal unless conclusively established on the record. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). To allow for adequate development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C. § 2255 (2000) motion. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). We find no evidence in the record conclusively establishing trial counsel's ineffectiveness.

With regard to the remaining issues raised in McKellar's pro se supplemental brief, we find his claims to be without merit. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We

therefore affirm McKellar's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED